UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2018-CIV-23984-GAYLES/OTAZO-REYES

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

KAREEM DORE,

    Intervenor Plaintiff,

v.

USA PARKING SYSTEM, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO INTERVENOR PLAINTIFF KAREEM DORE'S AMENDED COMPLAINT

Defendant, USA Parking System, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 12(a), answers the numbered paragraphs of the Amended Complaint filed by Intervenor Plaintiff Kareem Dore ("Plaintiff" or "Dore") and presents the following defenses.

### "NATURE OF ACTION"

1. Defendant admits that the Complaint purports to be an action for recovery of damages for disability discrimination pursuant to Title I of the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12111 *et seq*. ("ADA"), and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*. ("FCRA"). Defendant specifically denies that any action has occurred that would constitute a violation of those statutes.

### "JURISDICTION AND VENUE"

2. Admitted. Defendant specifically denies that any discrimination has occurred.

3. Admitted. Defendant specifically denies that any violation of state law has occurred.

4. Admitted that venue is proper in this District because the alleged discrimination is alleged to have occurred in this District. Defendant specifically denies that any discrimination has occurred.

## "CONDITION PRECEDENT"

5. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph, and therefore, denies them.

6. Admitted that Dore has a statutory right to intervene pursuant to 42 U.S.C. §2000e-5(f)(1). Defendant specifically denies that Dore has been aggrieved by Defendant.

7. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph, and therefore, denies them.

## "PARTIES"

8. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph, and therefore, denies them.

9. Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph, and therefore, denies them.

10. Admitted. Defendant denies that any violation of Title I of the ADA has occurred.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Admitted.

17. Admitted.

18. Admitted that Defendant was an "employer" as defined under the FCRA. Denied that Defendant was an "employer" as defined under the ADA.

## "STATEMENT OF FACTS"

19. Admitted.

20. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

21. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

22. Admitted.

23. Admitted.

24. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

25. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

26. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

27. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

28. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

29. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

30. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

31. Denied.

32. Admitted.

33. Admitted.

34. Admitted.

35. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

36. Admitted.

37. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

38. Denied.

39. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

40. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

41. Denied.

42. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

43. Denied.

44. Defendant admits only that Angel Lopez allowed Dore to communicate in writing. Otherwise, denied.

45. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

46. As stated, Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

47. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

48. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

49. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

50. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

51. Denied.

52. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

53. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

54. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

55. Defendant denies that Dore can communicate effectively in English.  Defendant is without knowledge or information sufficient to admit or deny that Dore can communicate effectively in American Sign Language, and therefore, denies this allegation.

56. Denied.

57. Denied.

58. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

59. Defendant is without knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore, denies them.

60. Admitted.

61. Denied.

## "COUNT I – ADA"

62. Defendant repeats its responses to Paragraphs 1-61 as stated above.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

Defendant denies that Plaintiff is entitled to the relief requested in subparagraphs (A) through (G) of the "WHEREFORE" clause following Paragraph 68.

## "COUNT II – FCRA – Disability Discrimination Based Upon Handicap"

69. Defendant repeats its responses to Paragraphs 1-61 as stated above.

70. Denied.

71. Admitted that at all material times, Dore was perceived as being deaf. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore, denies them.

72. Admitted that Fla. Stat. § 760.10(1) is quoted correctly. Defendant denies that any part of the cited statute is "applicable."

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied, including subparagraphs (a) through (h).

### "DEMAND FOR JURY TRIAL"

Defendant admits that Dore requests a jury trial.

### DEFENSES AND AFFIRMATIVE DEFENSES

79. Dore's Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

80. All actions taken with regard to Dore's application for employment were based on legitimate business reasons unrelated to his claimed disability.

81. All actions taken with regard to Dore's application for employment were for good cause and taken in good faith.

82. If hired for the position for which he applied, Dore would pose a direct threat to the health or safety of himself and other individuals in the work place that could not be eliminated by a reasonable accommodation.

83. Dore was not able to perform the essential functions of the position for which he applied with or without reasonable accommodation.

84. The employment of Dore as a Valet Attendant would pose an undue hardship upon Defendant.

85. Defendant's good faith efforts to comply with federal anti-discrimination laws preclude any recovery for punitive damages.

86. Any recovery must be reduced, in whole or in part, because Dore failed or refused to take reasonable efforts to mitigate his damages.

87. Defendant reserves the right to assert a mixed motive defense because, even if Dore proves that a discriminatory intent was a motivating factor in the challenged employment decision(s), the adverse employment decision at issue would have been made anyways even in the absence of any discrimination.

88. Defendant reserves the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Dore's Amended Complaint with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this action, and award any such other and further relief as this Court deems just and proper.

Dated: November 13, 2018

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.
        701 Brickell Avenue, Suite 1600
        Miami, Florida 33131-2813
        Telephone: 305.374.0506
        Facsimile: 305.374.0456

        *s/ Paul De Boe*
        Christopher P. Hammon
        Florida Bar No. 176753
        chris.hammon@ogletreedeakins.com
        Gregory R. Hawran
        Florida Bar No. 55989
        gregory.hawran@ogletreedeakins.com
        Paul J. De Boe
        Florida Bar No. 52051
        paul.deboe@ogletreedeakins.com

        *Counsel for Defendant, USA Parking System, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Paul De Boe*
Paul J. De Boe

**SERVICE LIST**

*Equal Employment Opportunity Commission v. USA Parking System, Inc.*
*United States District Court, Southern District of Florida*
*Case No. 2018-CIV-23984-GAYLES/OTAZO-REYES*

Carmen Manrara Cartaya, Esq.
Carmen.Cartaya@eeoc.gov
James L. Lee, Esq.
Gwendolyn Young Reams, Esq.
Robert Weisberg, Esq.
Kimberly A. Cruz, Esq.
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Telephone: 305.808.1786
Facsimile: 305.808.1835

*Counsel for Plaintiff, Equal Employment Opportunity Commission*

Method of Service: *CM/ECF*

Andrew S. Alitowski, Esq.
Andrew@dereksmithlaw.com
DEREK SMITH LAW GROUP, PLLC
100 SE 2nd Street, Suite 2000
Miami, FL 33131
Telephone: 305.946.1884

*Counsel for Intervenor Plaintiff, Kareem Dore*

Method of Service: *CM/ECF*

Christopher P. Hammon
chris.hammon@ogletreedeakins.com
Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
Paul J. De Boe
paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant, USA Parking System, Inc.*

36169851.1